Aberra MOLLA, Plaintiff–Appellant,

v.

**COLORADO SERUM COMPANY,**
Defendant–Appellee.

No. 94CA0961.

Colorado Court of Appeals,
Div. II.

Feb. 8, 1996.

Rehearing Denied April 11, 1996.

Certiorari Denied Dec. 23, 1996.

Law Offices of Richard LaFond, Richard C. LaFond, Arnold M. Woods, Denver, for Plaintiff–Appellant.

Avery & Howe, P.C., Edwin A. Howe, Denver, for Defendant–Appellee.

Opinion by Judge HUME.

In this case involving an alleged retaliatory termination of employment, plaintiff, Aberra Molla, appeals the judgment entered in favor

of defendant, Colorado Serum Company, after a trial to the court. We affirm.

Defendant first employed plaintiff in a maintenance position with the understanding that he would be considered for a veterinary position, should one become available. Several months later, a vacancy in defendant's tissue culture laboratory was offered to, and accepted by, plaintiff. While working in that position, plaintiff registered complaints about his supervisor's behavior toward him, the testing procedures being used, and episodes of harassment against him by unknown individuals.

It was also at this time that many of defendant's tissue products were removed from the market by order of the United States Department of Agriculture because of deficiencies in testing procedures. To correct this problem, defendant hired a new supervisor for the tissue culture laboratory. This created a problem in that defendant had too many "professional employees" in the tissue culture laboratory. Therefore, plaintiff's previous supervisor was demoted to a position within the lab and plaintiff was laterally transferred to another area.

When the new supervisor of the tissue culture laboratory later resigned, plaintiff was offered that position; however, because of concerns about his past performance, he was offered the position only on a probationary basis. Plaintiff refused the position, citing his desire to be placed in that position without probation and with a raise in pay. The position was subsequently filled by another company employee.

Plaintiff also applied for another vacancy within the company but was refused that job because he was not a licensed veterinarian, as the company deemed essential to that position. Following the denial of his application, plaintiff filed his first complaint of discrimination with the Equal Employment Opportunity Commission (EEOC).

Later the same year, plaintiff was put in charge of developing a new project for defendant. In the course of this project, a meeting among plaintiff, his supervisor, and other staff members was held at which the staff expressed concerns about its lack of confidence in plaintiff's abilities to lead the project.

In response to these concerns and the pending EEOC investigation, plaintiff was placed on a leave of absence to pursue other employment opportunities he stated were available to him. Shortly after being placed on leave, he filed his second charge of discrimination with the EEOC.

The EEOC contacted defendant in an attempt to reconcile the complaints through conciliation efforts. Plaintiff's conciliation position was that he be placed unconditionally in the position he earlier had refused and with a raise in pay. Because the position had already been filled, defendant refused the demand and terminated plaintiff on grounds that the requested position was not available and no position existed within the company with which plaintiff would be satisfied.

After his termination, plaintiff filed the third charge of discrimination with the EEOC. Subsequently, the EEOC determined that probable cause existed to find discriminatory action by defendant. A "right to sue" letter was issued to plaintiff who filed suit in district court pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (1988)(Title VII), alleging acts of discrimination by defendant, including termination in retaliation for plaintiff's EEOC complaints.

Plaintiff contends that the trial court erred in determining that defendant met its required burden of proof to show that plaintiff would have been terminated from the company even if the claims of discrimination had not been filed against it. We disagree.

■ Findings related to Title VII claims will not be disturbed on review unless they are clearly erroneous. If the findings are without factual support in the record or if, after reviewing all the evidence, an appellate court is left with a definite and firm conviction that a mistake has been made, then and only then will the trial court's findings be considered clearly erroneous. *Anderson v. Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

■ In order to establish a prima facie case of retaliation by an employer, an em-

ployee must show that he or she engaged in protected opposition to discrimination or participated in proceedings arising out of discrimination, that an adverse action by the employer occurred subsequent to the protected activity, and that there exists a causal connection between the employer's activity and the adverse action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Once a prima facie case of retaliation is established, the burden of production shifts to the employer to produce a legitimate, nondiscriminatory reason for the adverse action. If such reason is produced, the burden is then shifted back to the employee to demonstrate that the nondiscriminatory reason offered is only a pretext. *McDonnell Douglas Corp. v. Green, supra.*

 However, once an employee establishes that an illegitimate reason played a motivating part in an adverse employment decision, the employer may avoid a finding of liability only by proving by a preponderance of the evidence that it would have made the same decision even if it had not allowed the improper motive to play a role. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

Here, the trial court found that plaintiff established a prima facie case of retaliatory discharge under Title VII and that direct evidence of retaliation existed. Thus, the burden of proof shifted to defendant to show that plaintiff would have been terminated even in the absence of the employer's retaliatory motive.

The court then determined that defendant met its burden of proof, finding that plaintiff had demonstrated a history of employment problems with defendant including concerns about his professional abilities, his relationship with other employees, and his unwillingness to accept positions offered under conditions imposed by defendant as a result of legitimate, nondiscriminatory concerns.

Viewing the record in its entirety, we are satisfied that the trial court's resolution of factual disputes was supported by competent evidence. Thus, we conclude that the trial court's determination that defendant met its burden of proving that plaintiff would have been terminated regardless of whether the EEOC charges had been filed against it was not clearly erroneous.

The judgment is affirmed.

CRISWELL and SMITH*, JJ., concur.